IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TRAVIS HEFFLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–0140−JPG |
| | ) | |
| FEDERAL BUREAU OF PRISONS, all persons that worked at USP MARION for any period of time between March 1, 2009 and December 23, 2016. | ) ) ) ) ) | |
| Defendants. | ) ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Travis Heffley, an inmate in Federal Correctional Institution Otisville, brings this action for deprivations of his constitutional rights for events that allegedly occurred at United States Penitentiary Marion ("Marion"). Plaintiff requests a restraining order against the defendants. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

>    (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>    (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>        (1) is frivolous, malicious, or fails to state a claim on which
>    relief may be granted; or
>        (2) seeks monetary relief from a defendant who is immune
>    from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After reviewing the Complaint, the Court finds it appropriate to exercise its discretion pursuant to 1915A; this case is subject to summary dismissal.

### The Complaint

Plaintiff alleges that the staff at Marion assaulted him a various times. (Doc. 1, p. 2). Surgeries were performed on him at Marion without his knowledge or consent. *Id.* Plaintiff further alleges that he was not conscious during either the assaults or the surgeries and thus has no knowledge of who perpetrated the assaults or when they occurred. *Id.* He thus seeks a restraining order against all individuals that worked at Marion between March 1, 2009 and December 23, 2016. *Id.*

### Discussion

Plaintiff's Complaint is too vague to state a claim. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." That standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Yet, all

Plaintiff has done here is generally allege that the defendants harmed him, and what's worse, he has no idea who the defendants are and so has named every employee of Marion during his time there. Plaintiff's Complaint in no way puts any defendant on notice of the claims against him or her. Plaintiff has also admitted that he has named all of the employees of Marion because he does not know who harmed him, an admission that leads the Court to believe that Plaintiff is in fact attempting to name some individuals as defendants who have not harmed him. This is entirely unacceptable. Plaintiff has done nothing more than speculate, and his Complaint will be dismissed without prejudice for failure to state a claim.

Additionally, even if Plaintiff had articulated a viable cause of action against a defendant, he is not entitled to the relief he seeks because a prison transfer moots any request for injunctive relief. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Plaintiff has not alleged that he will be re-transferred to Marion, and so he has no valid claim for injunctive relief against any of the staff there.

## Pending Motions

Plaintiff's Motion to Proceed IFP will be addressed by separate order. (Doc. 6).

## Disposition

**IT IS HEREBY ORDERED** that that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist in support of a claim of a constitutional violation (on or before **April 23, 2018**). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept

piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: March 26, 2018**

s/J. Phil Gilbert
**U.S. District Judge**